UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SMITH, | No. C 11-1238 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RANDY GROUNDS, warden, | |
| Respondent. | |

## INTRODUCTION

Brian Smith, a *pro se* prisoner, has filed a petition for writ of habeas corpus challenging a 2008 disciplinary decision. Now before the court for consideration is respondent's motion to dismiss the petition as untimely. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

## BACKGROUND

Brian Smith claimed in his federal habeas petition that his due process rights were violated during a December 11, 2008 prison disciplinary decision that resulted in a ten-month SHU term and the forfeiture of 360 days of time credits upon a finding that he was in possession of a weapon on April 18, 2008.

Smith filed an administrative appeal to challenge the disciplinary decision. A third-level (i.e., director's level) decision was issued on May 22, 2009, thus exhausting his prison administrative remedies.

Smith filed state habeas petitions before filing his federal petition for writ of habeas corpus. His first state habeas petition was mailed to the Solano County Superior Court on September 3, 2009. His last state habeas petition was denied by the California Supreme Court on March 10, 2010.

Smith then filed his federal petition. The petition has a proof of service showing that it was mailed to this court on March 9, 2011. The petition was stamped "filed" at the court on March 14, 2011.

Due to Smith's status as a prisoner proceeding *pro se*, he receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court rather than the day the document reaches the courthouse. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). For purposes of the present motion, each of his petitions is deemed filed as of the day the proof of service shows it was mailed to the appropriate court.

## DISCUSSION

A petition for writ of habeas corpus filed by a state prisoner must comply with the statute of limitations in 28 U.S.C. § 2244(d). Section 2244's one-year limitations period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges an administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). Although the limitations period has four possible starting dates, § 2244(d)(1)(D) usually applies to prisoners challenging administrative decisions such as disciplinary decisions, i.e., the limitations period starts on the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The one-year limitations period begins on the date the administrative decision becomes final. *See Shelby*, 391 F.3d at 1066 (limitations period began the day after prisoner received timely notice of the denial of his administrative appeal challenging disciplinary decision); *see also Redd v. McGrath*, 343 F.3d

1077, 1079 (9th Cir. 2003) (limitations period began when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole). The "factual predicate" of the habeas claims is the finality of the adverse administrative decision, and not the denial of the state habeas petition. *See Redd*, 343 F.3d at 1082.

The disciplinary decision became final on May 22, 2009, when Smith's inmate appeal was denied at the director's level. The one-year limitations period started the next day. The presumptive deadline for Smith to file his federal habeas petition therefore was May 23, 2010.

Smith notes that § 2244(d)(1)(c) provides for an alternative starting date for the one-year limitation period of the date on which "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." From this he reasons that his one-year limitations period began on March 11, 2010, the day after the California Supreme Court denied his petition for review. He mixes apples and oranges. First, the "Supreme Court" mentioned in § 2244(d)(1)(c) is the United States Supreme Court and not the California Supreme Court. Second, his due process claim is not based on any newly recognized constitutional right – the rights he claims were violated were recognized more than 30 years ago in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Third, even if the California Supreme Court was the "Supreme Court" mentioned in § 2244(d)(1)(c), the denial of the petition for review did not newly recognize any constitutional right. In short, the denial of the petition for review had nothing to do with the starting date because the limitations period had started before he even filed his petition for review in the California Supreme Court.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is considered pending not only for the time the case is open on the docket in a court, but also for the time period between state habeas petitions provided that the petitioner files the later state habeas petition at a higher level court and does so "within what California would consider a 'reasonable

3

time.'" *Evans v. Chavis*, 546 U.S. 189, 197-98 (2006); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Smith does not have enough statutory tolling to make his federal petition timely. The limitations period was tolled from the filing of the first state habeas petition on September 3, 2009, through the denial of the last state habeas petition on March 10, 2010. By the time he filed that first state petition, 104 days of the limitations period had already passed. After the denial of the last state habeas petition on March 10, 2010, and the federal petition was filed on March 9, 2011, 364 more days had passed. Thus, by the time he filed his federal petition, 468 untolled days had passed, and he was more than three months past the deadline. Unless he is entitled to enough equitable tolling to bridge that gap, his federal petition is untimely.

The § 2244(d) limitations period can be equitably tolled for a petitioner who shows (1) that he pursued his rights with reasonable diligence and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).

Smith contends that his late filing should be excused because the law library at the prison at which he was incarcerated was only open three days a week since early 2010. However, "ordinary prison limitations on . . . access to the law library and copier" do not amount to extraordinary circumstances or make it impossible to file on time. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009); *see, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (prisoner's *pro se* status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life"). He does not allege a complete denial of law library access. The circumstances he describes are nothing more than routine prison circumstances that most habeas prisoners face and did not amount to extraordinary circumstances or make it impossible for him to file on time. He has not made a persuasive showing that he was pursuing his rights diligently and that some extraordinary circumstance stood in the way of timely filing of the federal petition.

4

The federal petition was not filed until more than three months after the statute of limitations deadline had passed. The petition is barred by the habeas statute of limitations.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 9.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

IT IS SO ORDERED.

DATED: September 7, 2011

SUSAN ILLSTON
United States District Judge